Clarence E. **BOTT**, Plaintiff,

v.

Beryl A. **ANDING**, Defendant.

**KROGER CO.**, a corporation, Defendant and Third-Party Plaintiff,

v.

A. E. **ANDING**, Third-Party Defendant.

No. 58 C 37.

United States District Court
N. D. Illinois, W. D.

Dec. 1, 1960.

Burrell & Holtan, John G. Garrity, Freeport, Ill., for plaintiff.

Stanton E. Hyer, Hyer, Gill & Brown, Rockford, Ill., for defendant B. A. Anding.

Miller, Thomas, Hickey & Collins, Wm. Collins and E. Powers, Jr., Rockford, Ill., for defendant and third-party plaintiff Kroger Co.

Price, Noetzel & Schlager, Chicago, Ill., Foltz, Haye & Keegan, T. A. Keegan, Rockford, Ill., for third-party defendant A. E. Anding.

PERRY, District Judge.

The above entitled cause came on regularly for trial and the court, having observed the witnesses and considered their testimony and the evidence, together with the arguments of counsel, and being fully advised in the premises now makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact

1. This is an action for personal injuries which was commenced in the Circuit Court of Stephenson County, Illinois and regularly and properly removed from that court to the United States District Court for the Northern District of Illinois, Western Division.

2. The defendant, The Kroger Co., a corporation, became the lessee of the premises involved herein under the terms of a certain lease between A. E. Anding and Beryl A. Anding, lessors, and The Kroger Co., executed by the said A. E. Anding and Beryl A. Anding on June 7, 1956 and by The Kroger Co. on July 23, 1956 for a term of ten years commencing on the 1st day of August, 1956. A lease modification agreement which was later entered into by the parties changed the commencement date of the lease to November 1, 1956.

3. The Kroger Co. selected the site for the construction of the building and arranged with A. E. Anding to buy up, in his own name, the required land area, lot by lot. Later, The Kroger Co. aided A. E. Anding in financing the building.

4. Pursuant to the terms of aforesaid lease The Kroger Co. prepared and furnished to A. E. Anding, as general contractor, the plans and specifications for the construction of the building involved in the occurrence giving rise to this law suit.

5. By the terms of the said lease and the said plans and specifications, The Kroger Co. retained the right to supervise the construction of said building with specific reference to the particular aspect of construction which occasioned the injuries to plaintiff.

6. The Kroger Co. did in fact supervise the construction of said building by sending its agents from time to time to see that construction was proceeding according to the plans and specifications.

7. At the time of and prior to the accident involved the plaintiff was an employee of A. E. Anding and was situated or standing on a metallic scaffold on rollers so designed to be moved and which was moving across the floor of the premises in question; that at the scene of the accident the floor contained a pit approximately 18 inches square and 20 inches deep which had been placed there pursuant to the aforesaid plans and specifications to accommodate electrical and refrigeration outlets; that one of the rollers of the movable scaffold dropped into said pit and the plaintiff received the injuries complained of when the scaffold fell over, throwing plaintiff to the concrete surface of the floor.

8. On several occasions prior to the accident The Kroger Co. by its superintendent of construction working out of the Madison, Wisconsin, division, one Rockefeller, had inspected the premises with particular concern for the location of the pits, one of which occasioned the accident herein, and The Kroger Co. knew of the existence of all of said pits, knew that they were open and unguarded and knew that a scaffold on rollers would be used and moved across the floor for the purpose of applying acoustical tile to the ceiling of said building.

9. The scaffold was erected and constructed in a safe, suitable and proper manner.

10. The accident involved herein occurred on September 21, 1956 as the proximate result of the improper placement and operation of said scaffold which caused it to tip over, throwing plaintiff to the floor.

11. The said scaffold was not so placed and so operated by the defendant The Kroger Co. and third-party defendant A. E. Anding as to give proper and adequate protection to plaintiff, in violation of Illinois Revised Statutes, Chapter 48, Sections 60 through 69.

12. The defendant The Kroger Co. and third-party defendant A. E. Anding wilfully violated and wilfully failed to comply with the provisions of said Scaffolding Act, Ill.Rev.Stats., Chapter 48, Sections 60 through 69.

13. Although defendant, The Kroger Co., through its agents, had control of the manner of construction of the building, and, having inspected the premises, knew of the existence of the pits in question, said defendant did not have direct supervision of the manner in which plaintiff carried on his work or of the manner in which said scaffold was placed or operated, the plaintiff being in the employ and under the direction of third-party defendant A. E. Anding.

14. At the time of the said accident, the scaffold was being operated by plaintiff.

15. That as a proximate result of said accident, the plaintiff received personal injuries and incurred expenses as alleged in the complaint.

16. At the time of the said accident plaintiff was about 35 years of age, and was trained and working as a carpenter.

17. Plaintiff has been permanently disabled by the injuries which he received in said accident.

18. Because of the injuries received by plaintiff in said accident he will be unable in the future to earn his livelihood as a carpenter or in any other occupation which would require him to grip tools or instruments or to work overhead.

19. Because of the injuries received by plaintiff he has sustained damages in the sum of $15,000.

20. A. E. Anding, third-party defendant herein, constructed the floors of the subject building in accordance with the specifications and directions of The Kroger Co., defendant and third-party plaintiff herein.

21. Plaintiff had himself helped to construct and knew of the pits in the floor.

22. Prior to the enactment of the Illinois Workmen's Compensation Act plaintiff could not have recovered against

A. E. Anding because he, plaintiff, was himself guilty of contributory negligence.

23. There was not, on the part of A. E. Anding, such negligence as would entitle The Kroger Co., defendant and third-party plaintiff, to recover over from said A. E. Anding, third-party defendant.

24. Although The Kroger Co. had leased the premises involved herein and the premises were actually owned by defendant Beryl A. Anding and A. E. Anding, the latter being plaintiff's employer, actual possession of said premises was in said Beryl A. Anding and A. E. Anding.

25. The Kroger Co. had not gone into actual physical possession of the premises at the time of the accident involved herein, and did not go into possession until some time thereafter.

26. Any finding of fact entered herein which may properly be construed in whole or in part as a conclusion of law shall be so deemed and treated as if set forth under Conclusions of Law herein.

### Conclusions of Law

1. This court has jurisdiction of the parties and of the subject matter.

2. The Kroger Co., a corporation, at and prior to the time of the accident in question was a person in charge of the erection and construction of the building on the premises in question within the meaning of the said Scaffolding Act.

3. The injuries to plaintiff were a proximate result of a wilful violation of and wilful failure by defendant The Kroger Co. to comply with the said Scaffolding Act.

4. Jurisdiction in this cause is based on diversity of citizenship.

5. Illinois courts have held that the word "wilfully" is synonymous with "knowingly." *Kennerly v. Shell Oil Co.,* 13 Ill.2d 431, 150 N.E.2d 134.

6. The plaintiff ought to have and recover as damages from defendant The Kroger Co. the sum of $15,000, together with his costs, and should have judgment accordingly.

7. The defendant and third-party plaintiff The Kroger Co. is not entitled to recover any sum over from third-party defendant A. E. Anding.

8. Any conclusion of law entered herein which may be construed in whole or in part as a finding of fact shall be so deemed and treated as if set forth under Findings of Fact herein.